# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SANTIAGO, | 1:03-cv-05548-OWW-TAG HC |
| Petitioner, | ORDER DENYING MOTION FOR STAY AND ABEYANCE OF PROCEEDINGS AND FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | (Doc. 18) |
| DERREL ADAMS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 2, 2003, Petitioner filed his federal habeas petition. (Doc. 1). On August 18, 2003, Respondent filed the response. (Doc. 13). On October 3, 2003, Petitioner filed his traverse. (Doc. 17). On August 29, 2006, Petitioner filed the instant request for an abeyance, requesting that this Court stay proceedings on the petition to permit Petitioner to exhaust further grounds in the California Supreme Court. (Doc. 18, p. 5). It appears from the instant motion, that Petitioner is seeking to exhaust an issue related to the violation of the plea agreement that supported a prior conviction on the grounds that the plea agreement had limited the use of that conviction as an enhancement in subsequent proceedings. (Id. at pp. 11-23).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988

(9th Cir. 1998).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).   Recognizing that "[a]s a result of the interplay between the AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 277.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

///

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Here, Petitioner has filed a petition that appears to contain only exhausted claims. However, Petitioner indicates that he is concurrently pursuing state habeas remedies in an effort to exhaust an additional claim or claims which he does not precisely describe nor about which does he provide any substantive information. More to the point, Petitioner's motion contains no reasons or justification why Petitioner has waited for almost four years from the filing of the petition to attempt to exhaust this additional claim or claims, nor does it provide the Court with any basis on which to make a determination regarding the existence of good cause for granting the requested stay.

The nearly four-year delay relates not only to the issue of "good cause," but also to the viability of any newly exhausted claim. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <u>cert. denied</u>, 118 S.Ct. 586 (1997). The instant petition was filed on May 2, 2003; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to the AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

Here, although the Petition itself was filed within the one-year limitations period, this would not be true for any newly exhausted claims filed at this point in the proceedings, since a federal habeas corpus petition that is pending in federal court does *not* toll the running of the one-year period. Duncan v. Walker, 533 U.S. 167, 181-182 (2001).

The one-year limitations period would certainly have expired during the almost four years since the original petition was filed. Even were such claim or claims s to be exhausted as of today's date, and even were Petitioner to file an amended petition containing those newly exhausted claims as of today's date, those claims would be untimely under the AEDPA unless Petitioner could establish his entitlement to either statutory or equitable tolling under the AEDPA. At present, given the abbreviated grounds contained in the instant motion for stay, there is nothing in the record to suggest that Petitioner would be entitled to tolling, and thus it appears that any newly exhausted claims would be barred by the statute of limitations.

Moreover, as mentioned, Respondent has already filed his response, including the state court record that is now lodged with the Court, both of which bear upon the claims *already included* in the Petition. As discussed above, Petitioner has provided the Court with no grounds to justify requiring Respondent to file either a new or supplemental response addressing newly exhausted claims. Petitioner cites generalized boilerplate legal principles about the need to liberally permit petitioners to exhaust their remedies; however, Petitioner provides virtually no *specific* facts regarding the reasons *in this case* why he has delayed for so many years before requesting a stay to exhaust claims. Petitioner's failings in this regard are especially egregious in light of the apparent nature of the claim he is attempting to exhaust, i.e., breach of a plea agreement in a prior conviction, because that claim involves facts and legal issues that were readily apparent to Petitioner before he filed the original

1 petition in this case. Thus, in light of the scant justification that Petitioner proffers for a stay, the
2 Court is left with no alternative but to deny the motion.
3     From the foregoing, it appears to the Court that Petitioner is not attempting to exhaust his
4 "newly discovered" claim in a timely and expeditious manner and, while there is no indication that,
5 in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, Petitioner's
6 unexplained four-year delay raises at least a strong, and at present unrebutted, inference of dilatory
7 conduct. Against this factual setting, Petitioner has provided insufficient grounds for the Court to
8 determine either that Petitioner is proceeding in good faith or that no prejudice would inure to the
9 parties by granting the requested stay. In light of the foregoing, the Court cannot conclude that
10 Petitioner's interest in obtaining federal review of the new claim or claims outweighs the competing
11 interests in finality and speedy resolution of federal petitions.  <u>Rhines</u>, 544 U.S. at 277-278.
12 Because Petitioner has failed to satisfy the criteria established by the United States Supreme Court in
13 <u>Rhines</u> for granting a stay, Petitioner's motion must be denied.

## **ORDER**

15     Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Stay and abeyance of
16 proceedings and for leave to amend  (Doc. 18), is DENIED.

18 IT IS SO ORDERED.

19 Dated:   **March 8, 2007**                         **/s/ Theresa A. Goldner**
    **j6eb3d**                                  UNITED STATES MAGISTRATE JUDGE